UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **IN RE:**<br>$78,825.00 U.S. Currency (23-DEA-703215);<br>Assorted Jewelry, VL: $43,955.00 (23-DEA-703382).<br><br>Defendants *in Rem.* | **Misc. No.: 23-51633**<br>**Honorable: Laurie J. Michelson** |

**Stipulation and Order Extending United States' Time to File
Judicial Forfeiture Proceedings to February 14, 2024**

It is hereby stipulated by and between the United States of America, by and through its undersigned attorneys, and Sarah Evalt, by and through her attorney, Todd R. Perkins, as follows for purposes of extending a judicial forfeiture filing deadline:

1. On February 24, 2023, the Drug Enforcement Administration ("DEA") seized the following property: $78,825.00 U.S. Currency and Assorted Jewelry, VL: $43,955.00 (collectively referred to herein as the "Subject Property").

2. The Parties acknowledge and stipulate that the DEA provided notice as required by 18 U.S.C. § 983(a)(1)(A) of the seizure and its intent to administratively forfeit the Subject Property to all known interested parties, including to Sarah Evalt.

3. Sarah Evalt filed a claim in the administrative forfeiture proceeding with DEA regarding the Subject Property. No other person has filed a claim to the Subject Property in the administrative forfeiture proceeding.

4. DEA referred the administrative claim to the United States Attorney's Office for judicial forfeiture proceedings.

5. Pursuant to 18 U.S.C. § 983(a)(3)(A) through (C), within 90 days after a claim has been filed in an administrative forfeiture proceeding, the United States is required to do one of the following:

    (a) file a complaint for forfeiture against the claimed property,

    (b) return the claimed property, or

    (c) include the claimed property for forfeiture in a criminal action,

in order for the United States to take further action to effect the forfeiture of the claimed property in connection with the underlying offense, unless the court extends the deadline for good cause shown or by agreement of the parties. In this case, the 90-day deadline would be **November 16, 2023**.

6. As authorized in 18 U.S.C. § 983(a)(3)(A), the parties wish by agreement to extend the 90-day deadline set forth in 18 U.S.C. § 983(a)(3)(A) in order for the parties to have a reasonable and sufficient period in which to evaluate their respective interests in and positions regarding the Subject Property.

7. Sarah Evalt knowingly, intelligently, and voluntarily give up any

2

rights she may have under 18 U.S.C. § 983(a)(3)(A) through (C) to require the United States to file a complaint for forfeiture against the Subject Property, to return the Subject Property, and/or to include the Subject Property for forfeiture in a criminal action by **November 16, 2023**.

8. The parties agree that the deadline by which the United States shall be required to file a complaint for forfeiture against the Subject Property, to return the Subject Property, and/or to include the Subject Property for forfeiture in a criminal action shall be extended from **November 16, 2023** to and including **February 14, 2024**.

9. Sarah Evalt waive all constitutional and statutory challenges related to the foregoing extension and give up any rights she may have to seek dismissal of any civil forfeiture complaint and/or any criminal forfeiture allegation in a criminal action on the ground that forfeiture proceedings were not timely commenced. Sarah Evalt further waive and agree to the tolling of any rule or provision of law limiting the time for commencing, or providing notice of, forfeiture proceedings with respect to the Subject Property, including, but not limited to, the limitations contained in 18 U.S.C. § 983 and 19 U.S.C. § 1621.

10. Sarah Evalt agree that until the United States files a complaint for forfeiture against the Subject Property and/or alleges forfeiture of the Subject Property in a criminal action, or until **February 14, 2024**, whichever occurs first,

the Subject Property shall remain in the custody of the United States and Sarah Evalt shall not seek its return for any reason in any manner.

11. By signing below, Todd R. Perkins declares that prior to signing this Stipulation, he provided a copy of it to Sarah Evalt, reviewed it with Sarah Evalt, consulted with Sarah Evalt regarding its contents, answered any questions Sarah Evalt had about it, determined that Sarah Evalt understand its terms and are aware of their rights in this matter, and Sarah Evalt authorized Todd Perkins to sign this Stipulation.

//

//

//

//

//

//

//

//

(continued on following page)

12. By their signatures below, the Parties agree to all of the terms and conditions stated herein.

Approved as to form and substance:

Dawn N. Ison
United States Attorney

| | |
|---|---|
| S/Gjon Juncaj | s/Todd R. Perkins (w/consent) |
| Gjon Juncaj (P63256) | Todd R. Perkins (P55623) |
| Assistant United States Attorney | Attorney for Claimant |
| 211 W. Fort Street, Suite 2001 | 615 Griswold St Ste 400 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| (313) 226-0209 | (313) 964-1702 |
| Gjon.Juncaj@usdoj.gov | tperkins@perkinslawgroup.net |
| Dated: November 14, 2023 | Dated: November 14, 2023 |

**IT IS SO ORDERED.**

Dated: November 16, 2023

                                        s/Laurie J. Michelson
                                        LAURIE J. MICHELSON
                                        UNITED STATES DISTRICT JUDGE